**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

MARCOS OCAMPO,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.

No. Cr 03-40037 SBA,
Related Civil Case: C 06-7047 SBA

**ORDER**

[Docket No. 105]

Before the Court is Marcos Ocampo's petition to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Docket No. 105]. Although Ocampo's petition is framed as a claim of ineffective assistance of counsel, the briefing is focused almost exclusively on asserting that the government breached the plea agreement with Ocampo by not filing a motion for downward departure of his sentence in exchange for his substantial assistance under United States Sentencing Guideline section 5K1.1. For the reasons that follow, the petition is DENIED.

### BACKGROUND

On November 12, 2003, Ocampo entered into a written plea agreement with the United States Attorney's Office for the Northern District of California. *See* Docket No. 44 (Plea Agreement). Under the agreement, Ocampo agreed "to plead guilty to count one of the captioned indictment charging me with conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846." *Id*. at ¶ 1. In addition to pleading guilty, Ocampo made several addition promises. For instance, in paragraph 4 of the plea, Ocampo stated that "I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal my sentence." *Id*. at ¶ 4. Ocampo next declared that "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. §2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was waived." *Id*. at ¶ 5.

Paragraph 9 of the Plea Agreement covers any potential motion by the government under section 5K1.1. In this provision Ocampo declared:

> I agree that the government's decision whether to file a motion pursuant to USSG §5K1.1, as described in the government promises section below, *is based on its sole and exclusive decision* of whether I have provided substantial assistance and that decision will be binding on me. I understand that the government's decision whether to file such a motion, or the extent of the department recommended by any motion, will not depend on whether convictions are obtained in any case. I also understand that the Court will not be bound by any recommendation made by the government.

Docket No. 44 (Plea Agreement, ¶ 9) (emphasis added).

In turn, the government made the following promise:

> If, *in its sole and exclusive judgment*, the government decides that the defendant has cooperated fully and truthfully, provided substantial assistance to law enforcement authorities within the meaning of U.S.S.G. §5K1.1, and otherwise complied fully with this Agreement, it will file with the Court a motion under §5K1.1 and/or 18 U.S.C. §3553 that explains the nature and extent of the defendant's cooperation and recommends a downward departure. The government will not oppose a downward adjustment pursuant to the safety valve provisions so long as the defendant otherwise qualifies and will agree to recommend the low end of the guidelines.

*Id*. at ¶ 17 (emphasis added).

A change of plea hearing was conducted on November 12, 2003. *See* Docket No. 43. At the November 12th hearing, the Court specifically inquired about the section 5K1.1 provision of the plea agreement. The Court asked Ocampo: "And you're agreeing in your plea agreement the government's decision whether to file a motion pursuant to guideline section 5(K)1.1 is based on its sole and exclusive decision of whether you have provided substantial assistance and that decision will be binding upon you. Do you understand that?" Docket No. 110, Ex. A (Tr. at 12:15-20). Ocampo responded, "Yes." *Id*. at 12:21. The Court further advised Ocampo about the terms of the plea agreement:

> And if in its sole and exclusive judgment the government decides that you have cooperated fully and truthfully, provided substantial assistance to law enforcement, authorized within the meaning of Guideline section 5(K)1.1 and otherwise complied fully with this agreement, the government will file with the Court a motion under Guideline section 5(K)1.1 and/or Title 18 United States Code §3553 that explains the nature and extent of your cooperation and recommends a downward departure.

*Id*. at 13:3-11.

The judgment and sentencing was held on March 15, 2004. *See* Docket No. 62. Ocampo was

2

sentenced to 87 months following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.

Ocampo subsequently appealed. On July 26, 2006, the Ninth Circuit Court of Appeals issued a memorandum opinion dismissing Ocampo's appeal, finding that the appeal waiver he signed was valid. *See United States v. Ocampo*, 04-10278 (9th Cir. July 26, 2006).

**LEGAL STANDARDS**

Title 28 U.S.C. § 2255 is the habeas corpus statute applicable to prisoners being held in federal custody. Under section 2255, a person held in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence," if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 further provides that:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

**ANALYSIS**

**1. Procedural Default**

In response to Ocampo's petition, the government's first argument is that Ocampo has procedurally defaulted on any claim of ineffective assistance of counsel because he did not assert it on direct appeal. While it is true that most claims are procedurally defaulted by both federal and state prisoners when not raised on direct appeal (in the absence of a showing of cause and prejudice or actual innocence), this does not apply to claims of ineffective assistance of counsel. *See United States v. Braswell*, 501 F.3d 1147, 1149 n.1 (9th Cir. 2007). In *Massaro v. United States*, 538 U.S. 500, 504 (2003), the Supreme Court held that "an ineffective-assistance-of-counsel claim may be brought in a

3

collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."

**2.  Breach of the Plea Agreement**

The Court can now turn to the substance of the petition. Although Ocampo's petition is framed as a claim of ineffective assistance of counsel, the bulk of it is dedicated to arguing that the government should have filed a section 5K1.1 motion under the terms of the plea agreement. In fact, the specific relief requested by Ocampo is for "the Court to grant his motion and order the government to pursue a motion for downward departure based on the cooperation and substantial assistance of the petitioner under 5K1.1." Docket No. 105, at 15. Ocampo asserts that "the government's filing of a 5K1.1 motion was the 'quid pro quo' that induced him to enter into the plea agreement." *Id.* at 12. Ocampo adds: "the agreement provides for a recommendation of sentence reduction in exchange for Mr. Ocampo's cooperation and renunciation of a claim. Given Mr. Ocampo's full performance of his side of the bargain, the government's performance, in the form of a 5K1.1 motion, should have followed." *Id.*

The plain language of the plea agreement, however, clearly and unambiguously gave the government sole discretion to file a motion for a substantial assistance departure. In that agreement, Ocampo stated that "I agree that the government's decision whether to file a motion pursuant to USSG §5K1.1, as described in the government promises section below, *is based on its sole and exclusive decision* of whether I have provided substantial assistance and that decision will be binding on me." The government in turn made this promise:

> If, in its sole and exclusive judgment, the government decides that the defendant has cooperated fully and truthfully, provided substantial assistance to law enforcement authorities within the meaning of U.S.S.G. §5K1.1, and otherwise complied fully with this Agreement, it will file with the Court a motion under §5K1.1 and/or 18 U.S.C. §3553 that explains the nature and extent of the defendant's cooperation and recommends a downward departure.

Accordingly, no breach of the plea agreement occurred.

4

### 3. Ineffective Assistance of Counsel

With respective to his ineffective assistance of counsel claim, Ocampo makes only one passing reference in his petition as to how the performance of his counsel was deficient. Ocampo declares that the promises made in the plea agreement were "not argumentively approached by petitioner attorney." Docket No. 105, at 5. In his reply brief, Ocampo clarifies and adds that his "counsel's failure to seek fullfillment [sic] of such promises [of a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1] at sentencing violeted [sic] the defendant['s] substantial right." Docket No. 111, at 6.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* To prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See id.* at 687.[1] The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. *See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689.

Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that

---

[1] A habeas petitioner has the burden of showing through evidentiary proof that counsel's performance was deficient. *See Toomey v. Bunnell*, 898 F.2d 741, 743 (9th Cir. 1990); *see also Rios v. Rocha*, 299 F.3d 796, 813 n.23 (9th Cir. 2002) (rejecting two ineffective assistance of counsel claims based on petitioner's failure to produce evidence of prejudice).

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Accordingly, where the defendant is challenging his conviction, the appropriate question is "'whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" *Luna v. Cambra*, 306 F.3d 954, 961 (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 695). The test for prejudice is not outcome-determinative, *i.e.*, defendant need not show that the deficient conduct more likely than not altered the outcome of the case; however, a simple showing that the defense was impaired is also not sufficient. *Strickland*, 466 U.S. at 693. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

Assuming for present purposes that Ocampo's counsel did not forcefully or vigorously argue for the government to file a section 5K1.1 motion, Ocampo cannot demonstrate prejudice. No matter how forceful or persuasive his counsel's arguments could or should have been, the decision to file the section 5K1.1 motion was within the sole and complete discretion of the government. This is clearly spelled out in the plea agreement, and, after also being advised of this at the change of plea hearing, the petitioner acknowledged his understanding of this fact.

## CONCLUSION

Accordingly, petitioner Marcos Ocampo's motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Docket No. 105] is DENIED. The Clerk shall close both the criminal file and the civil file relating to the motion and terminate any pending matters.

IT IS SO ORDERED.

January 22, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MARCOS OCAMPO,

        Plaintiff,

v.

UNITED STATES OF AMERICA et al,

        Defendant.

Case Number: CV06-07047 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marcos Ocampo Reg. #97305-011
Cibola County Correctional Center
P.O. Box 3540
Milan, NM 87021

Dated: January 22, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

7